COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

HECTOR HERNANDEZ,                                     )

                                                                              )              
No.  08-05-00087-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )             
County Court at Law #1

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20030C12286)

                                                                              )

 

 

O
P I N I O N

 

Appellant Hector
Hernandez attempts to appeal from a judgment adjudicating him guilty of driving
while intoxicated.  Over Appellant=s not guilty plea, the jury found Appellant
guilty of the offense and assessed punishment at 180 days= confinement in a county jail, probated
to 15 months community supervision, a fine of $750, and $256 in court
costs.  Finding that Appellant has not
complied with Rule 25.2 of the Texas Rules of Appellate Procedure, we dismiss
the appeal.

Rule 25.2 governs
the defendant=s right
to appeal in a criminal case.  This rule
provides in part:








A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure article 44.02 and these
rules.  The trial court shall enter a
certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.  In a plea bargain
case--that is, a case in which  defendant=s plea is guilty or nolo contendere and
the punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant--a defendant may appeal only:

 

(A)       those matters that were raised by written
motion filed and ruled on before trial, or

 

(B)
      after getting the trial court=s permission to appeal.

 

Tex.R.App.P.
25.2(a)(2).  

 

The rule also provides the
following:

 

(d)        Certification of Defendant=s Rights of Appeal.  If the defendant is the appellant, the record
must include the trial court=s
certification of the defendant=s
right of appeal under Rule 25.2(a)(2). 
The certification should be part of the record when notice is filed, but
may be added by timely amendment or supplementation under this rule or Rule
34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule
34.5(c)(2).  The appeal must be dismissed
if a certification that shows the defendant has the right of appeal has not
been made part of the record under these rules.

 

Tex.R.App.P.
25.2(d).

 

Appellant=s notice of appeal included an unsigned
and undated Rule 25.2(a)(2) trial certification form.  This Court notified Appellant on April 18,
2005, that a certification had not been filed and requested that Appellant file
an amended notice of appeal within thirty days or the appeal would be dismissed
pursuant to Rule 25.2(d).  See Tex.R.App.P. 25.2(d)(AThe appeal must be dismissed if a
certification that shows the defendant has the right of appeal has not been
made part of the record under these rules.@).  As of this date, Appellant has not filed an
amended 








notice of appeal.[1]  Accordingly, the appeal is dismissed.

 

 

June
16, 2005

DAVID WELLINGTON CHEW,
Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
On May 2, 2005, this Court also informed Appellant by letter that the Court=s clerk received notification from the
court reporter that the reporter=s
record has not been prepared because no arrangements for its preparation have
been made.  The Court was also informed
that Appellant=s counsel
advised the court reporter that a motion to dismiss the appeal would be
filed.  The Court notified Appellant that
no motion to dismiss the appeal has been received and directed Appellant to
notify the Court immediately as to what arrangements have been made or intend
to be made in order to have the reporter=s
record prepared.  As of this date,
Appellant has not responded to this letter.